## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 28 2017, 6:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kevin McShane
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Noe Rico-Navarro,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

June 28, 2017

Court of Appeals Case No.
49A02-1609-CR-2201

Appeal from the Marion Superior Court

The Honorable Angela Davis, Judge

Trial Court Cause No.
49G16-1008-CM-64036

**Robb, Judge.**

# Case Summary and Issue

[1] Noe Rico-Navarro appeals the post-conviction court's denial of his petition for post-conviction relief, raising one issue for our review, which we restate as whether the post-conviction court erred in concluding Rico-Navarro's trial counsel was not ineffective. Concluding Rico-Navarro did not receive ineffective assistance of counsel, we affirm.

# Facts and Procedural History

[2] In 2010, the State charged Rico-Navarro with battery as a Class A misdemeanor and Rico-Navarro pleaded guilty pursuant to a plea agreement. In addition to signing the plea agreement, Rico-Navarro specifically signed his initials next to the following two provisions contained within the plea agreement:

> If the Defendant is not a United States citizen, this criminal conviction could affect the defendant's immigration status including, but not limited to, the Defendant being deported from the United States, the Defendant being denied re-entry into the United States, and the Defendant being prohibited from becoming a citizen of the United States.
>
> Defendant has discussed fully with his/her counsel the effect of signing this agreement on his/her citizenship status.

Appellant's Appendix, Volume 2 at 13.[1]

[3] At the guilty plea hearing, Rico-Navarro indicated to the trial court, via a translator, that he had reviewed the plea agreement in the presence of an interpreter and his attorney, and understood the plea agreement. The trial court accepted Rico-Navarro's guilty plea, entered judgment of conviction, and sentenced him to 357 days in the Indiana Department of Correction, with the entirety of the sentence suspended to probation.

[4] Nearly five years later, Rico-Navarro filed a petition for post-conviction relief alleging he was deprived of due process of law and received ineffective assistance of trial counsel when neither the trial court nor trial counsel advised him of potential adverse immigration consequences. At an evidentiary hearing on July 8, 2016, Rico-Navarro testified he was a Mexican citizen at the time he pleaded guilty, neither the trial court nor his trial counsel warned him of the potential consequences of his guilty plea on his immigration status, he was currently seeking to gain residential status in the United States, and he only learned after he pleaded guilty that his battery conviction might affect his ability to become a United States citizen. Apart from this testimony, Rico-Navarro did not admit any additional evidence. The State then moved the post-

---

[1] We note the plea agreement is not included in the record on appeal, but both the State and Rico-Navarro cite with approval to the post-conviction court's order denying Rico-Navarro's petition where the post-conviction court quoted the relevant portions of the plea agreement. Rico-Navarro also acknowledges he signed his initials next to the provisions noted above. *See* Brief of Appellant at 6. We therefore cite to the quoted portions of the plea agreement as provided in the post-conviction court's order. *See* Appellant's App., Vol. 2 at 13.

conviction court to take judicial notice of the case file, including the plea agreement, which the post-conviction court granted. No other evidence was admitted. On August 29, 2016, the post-conviction court entered its findings of fact and conclusions of law denying Rico-Navarro's petition for post-conviction relief. This appeal ensued.

# Discussion and Decision

## I. Standard of Review

[5] "Post-conviction proceedings do not afford the petitioner an opportunity for a super appeal, but rather, provide the opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal." *Turner v. State*, 974 N.E.2d 575, 581 (Ind. Ct. App. 2012), *trans. denied*. Post-conviction procedures create a narrow remedy for subsequent collateral challenges to convictions, and those challenges must be based on the grounds enumerated in post-conviction rules. *Id*. The petitioner must establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5).

[6] A petitioner who has been denied post-conviction relief faces a "rigorous standard of review" on appeal. *Dewitt v. State*, 755 N.E.2d 167, 169 (Ind. 2001). In reviewing the judgment of a post-conviction court, we consider only the evidence and reasonable inferences supporting the judgment. *Hall v. State*, 849 N.E.2d 466, 468 (Ind. 2006). We may not reweigh the evidence or reassess the credibility of the witnesses. *Id*. The post-conviction court's denial of post-conviction relief will be affirmed unless the evidence leads "unerringly and

unmistakably to a decision opposite that reached by the post-conviction court." *McCary v. State*, 761 N.E.2d 389, 391 (Ind. 2002). Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court reached the opposite conclusion, will the court's findings or conclusions be disturbed as being contrary to law. *Hall*, 849 N.E .2d at 469. Finally, we do not defer to the post-conviction court's legal conclusions, but do accept its factual findings unless they are clearly erroneous. Ind. Trial Rule 52(A); *Stevens v. State*, 770 N.E.2d 739, 746 (Ind. 2002), *cert. denied*, 540 U.S. 830 (2003).

## II. Ineffective Assistance of Trial Counsel

[7] We review claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on such a claim, the petitioner must show 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced him. *Id*. at 687-88. To satisfy the first prong, the petitioner must show counsel's performance fell below an objective standard of reasonableness and counsel's errors were so serious as to deprive the petitioner of his Sixth Amendment right to counsel. *Garrett v. State*, 992 N.E.2d 710, 719 (Ind. 2013). Under this standard, we recognize a strong presumption counsel rendered adequate legal assistance, *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001), *cert. denied*, 537 U.S. 839 (2002), and to overcome this presumption, the petitioner must offer strong and convincing evidence, *Smith v. State*, 822 N.E.2d 193, 202 (Ind. Ct. App. 2005), *trans. denied*. To satisfy the second prong, the petitioner must show a reasonable probability that,

but for counsel's errors, the result of the proceeding would have been different. *Id*. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

[8] Rico-Navarro contends trial counsel rendered ineffective assistance in failing to explain any potential adverse consequences of his guilty plea on his ability to become a United States citizen. The Supreme Court of the United States has recognized that, "When the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010). Thus, at the very least, counsel should inform any noncitizen client that criminal charges and criminal convictions risk adverse immigration consequences. *See id*.

[9] Here, we certainly acknowledge Rico-Navarro testified his attorney never informed him pleading guilty risked adverse immigration consequences. However, the post-conviction court was not required to give weight to this testimony, especially in light of the fact that Rico-Navarro signed the plea agreement stating that he discussed with his counsel and understood the effect his guilty plea could have on his immigration status. For this reason, Rico-Navarro's argument is merely a request for this court to reweigh the evidence and reassess witness credibility, which we will not do. *Hall*, 849 N.E.2d at 468. In addition, Rico-Navarro did not present *any* other evidence, including evidence establishing whether he was and is, in fact, a citizen of Mexico, and even if true, whether counsel was aware of his immigration status. We

conclude Rico-Navarro has not offered strong and convincing evidence sufficient to overcome the presumption his counsel rendered effective assistance and therefore the post-conviction court did not err in denying his petition for post-conviction relief.[2]

# Conclusion

[10] Because Rico-Navarro failed to demonstrate he received ineffective assistance of trial counsel, we affirm the post-conviction court's denial of his petition for post-conviction relief.

[11] Affirmed.

Vaidik, C.J., and Bailey, J., concur.

---

[2] Rico-Navarro also briefly contends the trial court was required to advise him his immigration status could be jeopardized if he pleaded guilty and cites to *Barajas v. State*, 987 N.E.2d 176 (Ind. Ct. App. 2013). There, a panel of this court determined that even assuming the defendant's trial counsel rendered ineffective assistance in failing to advise him of adverse immigration consequences, the defendant failed to show prejudice because the trial court had informed the defendant prior to his guilty plea of such consequences. *Id*. at 181. We do not read *Barajas* as creating a rule requiring trial courts to inform criminal defendants of potential adverse immigration consequences and Rico-Navarro fails to cite to any case adopting such a rule. This argument fails.